No. 3

STATE ex v. SHUFF et

Ohio Appeals, 5th Dist., Knox Co.

No. 235. Decided Nov. 9, 1925.

Judge Williams of 6th Dist., and Judge Farr of 7th Dist., sitting.

607. HIGHWAYS—1. Fact that county commissioner has farm land which will be increased in value by reason of improvements on certain road does not disquality such commissioner so as to make proceedings illegal.

2. Matter of determining and fixing route of proposed highway improvement wholly within discretion of officials.

WILLIAMS, J.

The action was brought in the Knox Common Pleas on the relation of S. D. Huffman against W. A. Shuff et al., as county commissioners to enjoin the improvement of a highway between Mt. Vernon and Fredrickstown, known as the lower road. A judgment was rendered dismissing the petition.

The cause came into the Court of Appeals on appeal and it was claimed the proceedings of the commissioners were illegal because one of the commissioners was financially interested by reason of the fact that he has farm property which will be increased in value by the improvement.

It was further claimed that the action of the Commissioners and the Director of Highways in locating the improvement upon the lower instead of the upper road was an abuse of discretion, as the upper road is also a main thoroughfare between Mt. Vernon and Fredrickstown; and the lower is 3/10 of a mile longer than the upper road. The total estimated additional cost of improvement on the lower road over and above the upper road would be upwards of $40,000 it was claimed. The Court of Appeals held:

1. The record in this case fails to show such a disqualification of the county commissioner referred to as would make the proceedings of the commissioners illegal.

2. "The fact that a county commissioner owns real estate within the assessable area of an improvement to be taxed by a special assessment for the construction of a road does not of itself disqualify him to act as a county commissioner in proceedings relative to laying out and making a road under 6906 GC. e+ seq. Hamilton v. Commissioners. 108 OS. 566.

3. "The manner in which the authority conferred by statute is to be exercised is left to the discretion of the officials of the municipality. The general principle is well established that in the absence of a fraud or gross abuse of discretion the court will not interfere with the discharge of such duties. It must at least appear that the public officers are transcending their powers or withholding some clear right, or perpetrating or threatening to commit wrong, before the power of the Courts may be invoked." Butler v. Korb, 96 OS. 480.

5. This court has no power to determine or fix the route of the proposed highway improvement; it was a matter wholly within the discretion of the officials charged with the duty of determining the route. Their action was not illegal.

Petition dismissed.

Attorneys—J. S. McDevitt and Robert L. Carr of Squire, Sanders and Dempsey, Cleveland, for State ex; Walter G. Harris, Prosecuting Attorney, Mt. Vernon; W. Dale Dunifon, Van Wert; Charles G. Williams and W. S. Pealer, Toledo, for Shuff et.